UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JANE DOE,

                 Plaintiff,           13 Civ. 571

   -against-                    OPINION

HRH PRINCE ABDULAZIZ BIN FAHD ALSAUD,
SAUDI OGER LTD, and MUSTAPHA OUANES,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        MORELLI ALTERS RATNER, PC
        950 Third Avenue, 11th Floor
        New York, NY 10022
        By:  Martha M. McBrayer, Esq.
            Jeremy J. Troxel, Esq.



**Sweet**, **D.J.**

Plaintiff Jane Doe (the "Plaintiff") has moved for an entry of default judgment against defendant HRH Prince Abdulaziz Bin Fahd Alsaud (the "Prince") and an order for the payment of damages totaling $150,000,000 on the grounds that Defendant has failed to appear in this action and the time allowed for appearance has expired.  Based on the reasoning below, Plaintiff's motion is denied.


**Prior Proceedings**

Plaintiff filed her original complaint on January 25, 2013 (the "Complaint") naming as defendants the Prince, Saudi Oger Ltd. ("Saudi Oger") d/b/a Hariri Interests ("Hariri") and Mustapha Ouanes ("Ouanes").  Non-party Hariri Interests moved to dismiss the complaint on April 1, 2013, and Plaintiff and Hariri Interests subsequently stipulated to dismiss the complaint against Hariri Interests with prejudice.  Plaintiff filed the First Amended Complaint ("FAC") on May 7, 2013, removing Hariri Interests from the lawsuit and withdrawing the negligent hiring claim against Saudi Oger and the Prince.

1

Plaintiff's claims in the FAC arise from the sexual assault and rape of Plaintiff by Ouanes.  The FAC alleges that on January 26, 2010, Ouanes invited Plaintiff and her female friend to accompany him from a lounge in the West Village to his hotel room at the Plaza Hotel. (FAC ¶ 24.)  At about 5:30 a.m., Plaintiff was drugged by Ouanes (*id.* at ¶ 29), and awoke some time later to "realize [Ouanes] was raping her" (*id.* at ¶ 30). In February 2012, after a two-week trial in New York (Manhattan) Criminal Court, Ouanes was convicted of rape and sexual abuse, and was sentenced to ten years in prison. (*Id.* at ¶¶ 54-55.)

The FAC alleges claims of respondeat superior and negligent supervision and retention against the Prince.

To serve the Prince, Plaintiff delivered a Summons and the Complaint in an unmarked enveloped addressed to the Prince labeled as "Personal & Confidential" to a concierge at the Plaza Hotel, the Prince's alleged New York residence, on February 27, 2013. (Declaration of Martha M. McBrayer ("McBrayer Decl.") ¶ 7.)  The same day, the Summons and Complaint in an unmarked enveloped addressed solely to the Prince and labeled as "Personal & Confidential" was mailed to "c/o The Plaza Hotel, 770 5th Avenue, 4th Floor, New York, New York."  (*Id.* ¶ 8; *see*

2

*also* ECF Dkt No. 4.)  On July 15, 2013, Plaintiff again mailed a Summons and Complaint in an unmarked envelope addressed solely to the Prince and labeled as "Personal & Confidential" again to the Plaza Hotel.  (McBrayer Decl. ¶ 10.)

The Prince did not respond to the Summons and Complaint with an Answer or a motion to the Complaint or the FAC.  Subsequently, Plaintiff obtained a Clerk's Certificate pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on October 4, 2013.  Plaintiff subsequently moved for an entry of default judgment against the Prince on October 11, 2013.  The Prince has not opposed or otherwise appeared in response to this motion or this action.

## Plaintiff Failed To Properly Serve The Prince

Federal Rule of Civil Procedure 55 establishes the process for obtaining a judgment against the defaulting party. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  First, the Clerk of the Court, upon notification from the party seeking affirmative relief, notes the default of the party that has failed to plead or otherwise defend in the action.  Fed. R. Civ. P. 55(a); *Priestley*, 647 F.3d at 504–05.

3

Second, the plaintiff must seek a judgment under FRCP 55(b),
following one of two procedures:  The plaintiff may request that
the Clerk of the Court enter judgment if the plaintiff's claim
is for a sum certain (or a sum that can be made certain by
computation), the defendant has failed to appear, and the
defendant is neither a minor nor an incompetent.  Fed. R. Civ.
P. 55(b)(1); *Priestley*, 647 F.3d at 505.  In all other cases,
the party seeking a judgment by default must apply to the court
pursuant to FRCP 55(b)(2).  *Id.*

          "When a party moves for a default judgment, Rule 55(b)
of the Federal Rules of Civil Procedure permits a district court
to conduct hearings or make referrals in order to, among other
things, determine the amount of damages[,] establish the truth
of any allegation by evidence[,] or investigate any other
matter."  *Cement and Concrete Workers Dist. Council Welfare
Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and
Other Funds v. Metro Foundation Contractors Inc.*, 699 F.3d 230,
233 (2d Cir. 2012) (internal quotation marks omitted,
alterations in original); *see also* Fed. R. Civ. P. 55(b)(2)(B)-
(D).  "A district court may enter a default judgment when a
party has failed to plead or otherwise defend as provided by the
Federal Rules of Civil Procedure."  *United States v. Brow*, 267

Fed. Appx. 96, 97 (2d Cir. 2008) (citing Fed. R. Civ. P. 55).
The Second Circuit has repeatedly noted that the disposition of
a motion for default judgment is within "the sound discretion of
a district court." *Palmieri v. Town of Babylon*, 277 Fed. Appx.
72, 74 (2d Cir. 2008); *Shah v. N.Y. State Dep't of Civil Serv.*,
168 F.3d 610, 615 (2d Cir. 1999); *Tamarin v. Adam Caterers,
Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant
case law give district judges much discretion in determining
when it is 'necessary and proper' to hold an inquest on
damages.").

However, "[a] default judgment may not be granted,
however, if the defendant has not been effectively served with
process." *See O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y.
2007); *see also OS Recovery, Inc. v. One Groupe Int'l, Inc.*, No.
02 Civ. 8993(LAK), 2005 WL 1744986, at *1, 2005 U.S. Dist. LEXIS
14860, at *2 (S.D.N.Y. July 26, 2005) ("It is axiomatic, of
course, that a court may not properly enter a default judgment
unless it has jurisdiction over the person of the party against
whom the judgment is sought, which also means that he must have
been effectively served with process.") (internal quotation
marks and citations omitted).  Plaintiff bears the burden of
proving that service was adequate. *See Selinger v. City of New*

5

*York*, 08-cv-2096, 2009 WL 1883782, 2009 U.S. Dist. LEXIS 55207
(S.D.N.Y. June 30, 2009).

Under Rule 4(e)(1) of the Federal Rules of Civil
Procedure, service of an individual may be made in accordance
with local state law. New York CPLR § 308(2) allows personal
service upon a natural person:

> [B]y delivering the summons within the state to a
> person of suitable age and discretion at the actual
> place of business, dwelling place or usual place of
> abode of the person to be served and by either mailing
> the summons to the person to be served at his or her
> last known residence or by mailing the summons by
> first class mail to the person to be served at his or
> her actual place of business in an envelope bearing
> the legend "personal and confidential" and not
> indicating on the outside thereof, by return address
> or otherwise, that the communication is from an
> attorney or concerns an action against the person to
> be served . . . .

Plaintiff contends that service was proper pursuant to
CPLR § 308(2) through the delivery of the Summons and Complaint
to the Plaza Hotel, the Prince's alleged residence or dwelling.
(McBrayer Decl. ¶ 13.) New York law permits valid service by
leaving a copy of the summons and complaint with a doorman at a
defendant's residence or dwelling. *Charnin v. Cogan*, 673 N.Y.S.
2d 134, 517 (1st Dep't 1998). The dwelling place of a person

must be the place where he or she actually dwells, lives or inhabits. *Gintzler v. Schwarz*, 126 Misc. 2d 491, 482 N.Y.S.2d 986 (N.Y. Sup. Ct. 1984), *on reargument*, 129 Misc.2d 836, 494 N.Y.S.2d 649; *Rich Products Corp. v. Diamond*, 51 Misc.2d 675, 273 N.Y.S.2d 687 (N.Y. Sup. Ct. 1966).

The Plaintiff has not provided any evidence beyond her conclusory allegations that the Plaza Hotel is the Prince's residence or dwelling. (*See* McBrayer Decl. ¶ 10.) "'Conclusory statements' that service was properly effected are insufficient to carry [the] burden" that service was adequate. *See C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)); *see also FDIC v. O'Connor*, 94 Civ. 4218, 2008 U.S. Dist. Lexis 49219, at *4 (S.D.N.Y. 2008) (service not considered proper where conclusory statements printed in the affidavit as to the dwelling place of the person served were refuted by the weight of the evidence submitted by the defendant to the contrary); *Almonte v. Suffolk County*, CV 10-5398 (LDW) (GRB), 2012 U.S. Dist. LEXIS 69465 (E.D.N.Y. 2012) (plaintiff bears the burden of proving, by a preponderance of the credible evidence, that service was adequate). Moreover, "[a]n entry of default should

be made only where there was willful default, involving more than a failure to answer as a result of negligence or carelessness." *See SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1988).  An entry of default here, where Plaintiff has not shown proper service, would thus be improper.

**Conclusion**

Given the reasoning above, Plaintiff's motion is dismissed without prejudice.

It is so ordered.

**New York, NY**
**April 3 , 2014**

ROBERT W. SWEET

8