UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

JANE DOE,

                Plaintiff,

   - against -

HRH PRINCE ABDULAZIZ BIN FAHD ALSAUD,
SAUDI OGER LTD, and MUSTAPHA OUANES,

                Defendants.
----------------------------------------X

13 Civ. 571 (RWS)

OPINION

A P P E A R A N C E S:

ATTORNEY FOR PLAINTIFF

MORELLI ALTERS RATNER, P.C.
777 Third Avenue, 21st Floor
New York, NY 10022
By:  Martha M. McBrayer, Esq.
     Sara A. Strickland, Esq.

PRO SE DEFENDANT

DIN #12A2814
Easter New York Correctional Facility
Box 338
Napanoch, NY 12458-0338

1

**Sweet, D.J.**

Defendant pro se Mustapha Ouanes ("Defendant" or "Ouanes") has moved to dismiss Plaintiff's claims, or in the alternative, for summary judgment in his favor. Plaintiff Jane Doe ("Plaintiff" or "Doe") has cross-moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 as to Oaunes's liability. Based on the conclusions set forth below, Plaintiff's motion is denied and Defendant's motion is denied.

**I. Prior Proceedings**

Plaintiff filed the instant action on January 25, 2013. Plaintiff alleged Ouanes, as an employee of HRH Prince Abdulaziz Bin Fahd Alsaud ("Prince Abdulaziz Bin Fahd") and Hariri Interests doing business as Saudi Oger LTD ("Saudi Oger"), sexually assaulted, raped, and sodomized her at the Plaza Hotel on January 26, 2010. Plaintiff alleged claims of negligent hiring, negligent supervision, negligent retention, and respondeat superior liability against Saudi Oger and Prince Abdulaziz Bin Fahd, and claims of assault, battery, false imprisonment, and intentional infliction of emotional distress against Ouanes. In February 2012, following a two-week trial in

2

New York Criminal Court, Ouanes was convicted of rape and sexual abuse and sentenced to ten years in prison.

Plaintiff moved for default judgment against Prince Abdulaziz Bin Fahd for his failure to appear, which was denied on April 3, 2014 for failure to effect proper service. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) Hariri Interests was voluntarily dismissed by stipulation on May 1, 2013. Plaintiff filed a First Amended Complaint ("FAC") on May 7, 2013, removing Hariri and withdrawing the negligent hiring claim. By Opinion dated April 3, 2014, all of Plaintiff's remaining claims against Saudi Oger were dismissed for failure to state a claim. By stipulation, all claims against Saudi Oger were dismissed with prejudice on May 22, 2014.

Defendant filed his instant motion to dismiss, or in the alternative, for summary judgment, on January 5, 2016. Plaintiff filed her cross-motion for summary judgment on February 12, 2016. Defendant's motion was heard on submission on February 22, 2016, and Plaintiff's motion was heard on submission on April 15, 2016, at which point both motions were deemed fully submitted.

3

## II.   Applicable Standard

Pursuant to Federal Rules of Civil Procedure 12(d), a
motion to dismiss is converted to a motion for summary judgment
under Rule 56 if "matters outside the pleadings are presented to
and not excluded by the court." Fed. R. Civ. P. 12(d). The
Second Circuit has emphasized the Rule's caution that all
parties must be given sufficient notice of conversion to provide
adequate opportunity to present extrinsic material relevant to a
motion for summary judgment that may not otherwise be submitted
in support or opposition of a motion to dismiss. See e.g. Sahu
v. Union Carbide Corp., 548 F.3d 59, 69 (2d Cir. 2008); Best v.
Bellevue Hosp. New York, NY, 115 F. App'x 459, 460 (2d Cir.
2004).

However, "[a] motion called a motion for summary judgment,
whether or not stated as alternatively for dismissal, ordinarily
will place [a party] on notice that the district court is being
asked to look beyond the pleadings to the evidence in order to
decide the motion." Sahu, 548 F.3d at 69. Here, both parties
were not only apprised that conversion was a possibility, they
each requested that the Court look beyond the pleadings in
resolving the instant motions. Defendant filed his motion to
dismiss in the alternative as a motion for summary judgment, and

4

more tellingly, requested consideration of numerous extrinsic

exhibits attached to each of his submissions. Defendant's

opposition is in the form of a cross-motion for summary

judgment, seeking resolution on the extrinsic ground of

collateral estoppel, accompanied by a Rule 56.1 statement.

Accordingly, each party was provided (and took advantage of) the

opportunity to treat Defendant's motion as a motion for summary

judgment.


    In light of the prescription that pro se submissions must

be read to "raise the strongest arguments that they suggest,"

Olle v. Columbia Univ., 332 F. Supp. 2d 599, 607 (S.D.N.Y.

2004), aff'd, 136 F. App'x 383 (2d Cir. 2005), Defendant's

motion shall be treated as a motion to dismiss where Rule 12(b)

issues are presented, and a motion for summary judgment insofar

as Defendant argues a lack of dispute as to material fact.[1]

---

[1] Plaintiff seeks to preclude consideration of Defendant's April
6 submissions, including his "Opposition to Summary Judgment"
containing several extrinsic exhibits. Plaintiff argues
Defendant had filed an opposition to Plaintiff's Cross-Motion
and reply to his motion in a single filing, ECF No. 66. The
Court is mindful that Defendant is proceeding pro se while
incarcerated. While pro se litigants are not excused from
procedural requirements, Defendant's submissions must be held
"to less stringent standards than formal pleadings drafted by
lawyers." Olle v. Columbia Univ., 332 F. Supp. 2d 599, 607
(S.D.N.Y. 2004), aff'd, 136 F. App'x 383 (2d Cir. 2005).
Considering the liberal standard for pro se pleadings and the
Second Circuit's preference that parties be given full
opportunity to submit extrinsic evidence in supporting or

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. Westinghouse Elec. Corp. v. N.Y. City Transit Auth., 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting Anderson, 477 U.S. at 249). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

---

responding to a motion to dismiss converted to a motion for summary judgment, all of Defendant's submissions and arguments will be considered.

## III.   **Plaintiff's Motion is Denied**

Plaintiff argues Ouanes is collaterally estopped from denying liability for each of the claims against him on the basis of his criminal conviction. See Pl.'s Cross-Mot. for Summ. Judgment ("Pl.'s MSJ."). "A criminal conviction, whether by plea or after trial, is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating the issue." Grayes v. DiStasio, 166 A.D.2d 261, 262-63, 560 N.Y.S.2d 636 (1990)

To warrant summary judgment on the basis of collateral estoppel "the court must find that: (1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Mishkin v. Ageloff, 299 F. Supp. 2d 249, 252 (S.D.N.Y. 2004) (citations and internal quotation marks omitted). Because Defendant's convictions were entered in New York state courts and because Plaintiff has brought this diversity action charging Defendant with state tort claims, New York law governs. See Blumatte v. Farthing, 320 F. App'x 68, 70 (2d Cir. 2009); see also FAC.

7

Plaintiff alleges her "civil causes of action [are] premised upon the same set of occurrences as those that formed the bases of Defendant Ouanes' criminal conviction." Pl.'s MSJ at 6. This much is clear; Ouanes' underlying criminal conviction concerned events that occurred at the Plaza Hotel on January 26, 2010. See Ouanes, 123 A.D.3d 480. However, the underlying criminal conduct involved two victims: Plaintiff in this action, Jane Doe, and her friend Mary Doe, a non-party to this action. Plaintiff alleges both victims drifted in and out of consciousness, and both were assaulted by Ouanes. See FAC ¶¶ 29, 33, 36, 40. Plaintiff alleges both Jane and Mary underwent rape kits, both of which revealed relevant evidence. Id. ¶¶ 47-9. The Police Report, which alone cannot demonstrate the specifics of the conduct for which Defendant was convicted, redacts victim identification information.

Plaintiff has alleged but failed to establish that she was the victim of the conduct for which Defendant was convicted, and therefore failed to demonstrate an identity of issues between her civil claims and Defendant's criminal conviction. It could simultaneously be true that, as Plaintiff alleges in her 56.1 Statement, "Defendant Mustapha Ouanes is presently incarcerated in New York and is serving a ten year sentence as a consequence of the events [alleged]" and that one or more of his convictions

applied to his conduct toward Mary, one or more applied to his
conduct toward Jane, or one or more applied toward both. See
Pl.'s 56.1 Statement, ¶ 11. Even if the conduct for which
Defendant was convicted suffices to meet all other requirements
of collateral estoppel with respect to certain tort claims, it
will only apply if the criminal proceeding determined
Defendant's liability for that conduct *as toward Plaintiff*
rather than with respect to another victim. Defendant cannot be
collaterally estopped from denying his liability for Plaintiff's
civil claim on the basis of criminal convictions for conduct
toward Mary Doe.

The record in the underlying criminal conviction may
establish the necessary information. Presumably, a comparison of
the minutes of (1) the charge to the jury and (2) the rendering
of the jury's verdict would specify the conduct to which each
count applied. However, Plaintiff not having provided any
corroborating evidence to demonstrate Defendant's conviction
applied to the conduct leveled upon her, the Court cannot find
collateral estoppel applies on the current record.

A genuine fact of material dispute as to Defendant's
liability persists, and accordingly, Plaintiff's motion for
summary judgment is denied with leave granted to refile.

## IV.  Defendant's Motion is Denied

Defendant attacks Plaintiff's claims on different bases in each of his filings.[2] In the instant motion, dated December 28, 2015, Defendant argues (1) Plaintiff has failed to obtain personal jurisdiction over him; (2) Plaintiff fails to state a claim based on alleged conflicts between Plaintiff's allegations toward now dismissed Defendants other than Ouanes; (3) failure to state a claim for alleged failure to plead a physical injury; (4) Plaintiff is contributorily negligent; (5) "ill opportunistic intent"; and (6) challenges to the perceived fairness of his underlying criminal conviction. Def.'s Mot. to Dismiss ("Dec. 28 Submission").

In his March 8, 2016 filing, Defendant makes similar arguments which he refers to as "absence of proof" regarding his underlying criminal conviction, and a supposition his conviction is not final on the basis that he intends to bring new evidence to light to a higher court. Def.'s Reply to Pl.'s Cross-Mot. for Summ. Judgment ("March 8 Submission").

---

[2] For the sake of clarity, Defendant's filing will be referred to by the date upon which Defendant represents to have submitted them.

10

In his April 6, 2016 filing, Defendant raises several
"issues" that he appears to argue are disputes of material fact
sufficient to defeat a motion for summary judgment and also to
warrant dismissal of Plaintiff's complaint: (1) discrepancies
between Plaintiff's timeline and evidence used in his underlying
criminal trial; (2) the "health issue," reiterating that
Defendant was denied his request to probe Plaintiff's mental
health history in his underlying criminal trial; (3) the "drug
issue," raising that no evidence of drugs was shown in his
underlying criminal conviction; and (4) the "motive: money
issue," reiterating that Defendant would not have been convicted
had the jury in his criminal trial known Plaintiff would bring a
civil suit in the future. Def.'s Opp. to Summ. Judgment ("April
6 Submission").

Federal Rule of Civil Procedure 12 provides seven discrete
bases to dismiss a claim for relief in a civil pleading: lack of
subject-matter jurisdiction, lack of personal jurisdiction,
improper venue, insufficient process, insufficient service of
process, failure to state a claim upon which relief can be
granted, and failure to join a party under Rule 19. Fed R. Civ.
P. 12(b)(1)-(7). Rule 56 provides for summary judgment when the
party requesting relief "shows that there is no genuine dispute
as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56. Or, stated differently, the allegations set forth, even if true, would not warrant relief under the law. These are the only bases upon which the Court could dispose of Plaintiff's claims against Defendant.

Most of Defendant's arguments are irrelevant to these grounds. Defendant is permitted to raise whatever defense he chooses to deny Plaintiff's allegations or his liability for the claims or under the facts she has alleged. However, this civil action is not a retrial of Defendant's criminal conviction. Any underlying discrepancies or lack of fairness or proof Defendant perceives in those proceedings have no bearing on whether Plaintiff's claims can or must be dismissed, no matter the validity of Defendant's arguments. Plaintiff's motion having been denied as set forth supra, these arguments need not be addressed to determine whether a dispute of material fact exists to defeat summary judgment in Plaintiff's favor. Likewise, Plaintiff's motive and history have no consequence at this stage. The Court construes the remainder of Defendant's allegations, requests, and filings so as to present the strongest argument for dismissal pursuant to Rule 12, or summary judgment in Defendant's favor pursuant to Rule 56. See Olle, 332 F. Supp. 2d at 607.

12

### a. Personal Jurisdiction

Defendant argues he has not been properly served, thus Plaintiff has not obtained personal jurisdiction over him. Def.'s Dec. 28 Submission ¶¶ 9-13.

"Without proper service a court has no personal jurisdiction over a defendant." Hawthorne v. Citicorp Data Sys., Inc., 219 F.R.D. 47, 49 (E.D.N.Y. 2003). New York's long-arm statute provides for specific personal jurisdiction over acts of non-domiciliary who "commits a tortious act within the state." N.Y. C.P.L.R. § 302(2). There is no legitimate question as to whether the alleged tortious acts were committed within New York state.

Pursuant to Rule 12(b)(5), "a complaint may be dismissed for insufficient service of process." Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V., 451 F.Supp.2d 585, 589 (S.D.N.Y. 2006) (citations omitted); see also id. ("Without proper service a court has no personal jurisdiction over a defendant.").

13

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service of an individual may be made in accordance with local state law. New York law provides:

> Personal service upon a natural person shall be made by any of the following methods: (1) by delivering the summons within the state to the person to be served; or (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usually place of above of the person to be served and by either mailing the summons to person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . .; or (3) by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . .

N.Y. C.P.L.R. § 308. Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service. Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V., 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (quoting Commer v. McEntee, 283 F.Supp.2d 993, 997 (S.D.N.Y.2003); Howard v. Klynveld Peat Marwick Goerdeler,

977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999)).

A review of the docket reveals Ouanes was personally served at Eastern Correctional Facility with the summons and original complaint on February 6, 2013. Defendant concedes he was personally served. Def.'s Dec. 28 Submission ¶ 3. Defendant filed a letter docketed as an answer, informing the Court of Ouanes' intention to "defend [his] case personally." Def.'s Ans., ECF No. 4. Plaintiff asserts that "Defendant Ouanes was served a copy of Plaintiff's cross-motion [to Amend the Complaint, to which the FAC was attached] via regular mail."[3] Plaintiff's citations and filings do not provide documentary proof of this claim.[4]

---

[3] Plaintiff cites "D.E. 10 and Exhibit E" for this assertion. It is unclear to the Court which documents are referenced by these citations. "D.E." is not recited in long form in Plaintiff's brief, and does not appear as an abbreviation for court documents in Bluebook Bluepages Table 1. Plaintiff's other citations make clear the reference is not to the docket number (docket number 10, for good measure, is an endorsed letter for an extension of time to serve Saudi Oger). Likewise, no "Exhibit E" is attached to Plaintiff's brief, and Exhibit E attached to Plaintiff Counsel's declaration in support of the instant motion is Ouanes' Certificate of Disposition Indictment. The only "Exhibit E" potentially relevant to the issue of service is Exhibit E attached to Plaintiff's first motion for entry of default as to Prince Abdulaziz Bin Fahd Alsaud. ECF No. 33

[4] Plaintiff's motion to amend attaches two affidavits of service: one declaring failure of service on Saudi Oger at a secured building in Bethesda, MA on January 31 and February 5, 2013, and one declaring a failure to serve Prince Abdulaziz Bin Fah Alsaud at the same location on February 22, 2013. Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss and in Supp. Pl's Cross-Motion to Amend the Compl., Ex. B. Neither apply to Ouanes or support Plaintiff's contention that Ouanes was served by mail. Docket number 19, also attached as Exhibit E to Plaintiff's First motion for entry of default as to Prince Abdulaziz Bin Fahd Alsaud, is entered as "Certificate of Service of Summons and Amended Complaint. All Defendants." However, the attached affidavit

15

"Where a federal court grants a plaintiff leave to file an amended pleading in a prior-commenced case, the plaintiff does not need to serve that amended pleading pursuant to the requirements of Rule 4, unless the amended pleading includes new or additional claims for relief." O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citations and internal quotation marks omitted). Here, the FAC that the Court accepted in its April 3, 2014 opinions contained identical factual allegations and legal claims against Ouanes. Compare Compl. with FAC. In fact, the only difference between the pleadings is that the FAC removes allegations made in the FAC against Hariri and the claim for negligent hiring claim. Plaintiff affirms the the FAC was mailed to Ouanes, but even had it not been, Ouanes cannot and does not claim lack of due process or notice of Plaintiff's claims against him after having been served with the original complaint. The motion to dismiss on this basis is denied.

---

purports only to serve "the annexed summons and complaint," which is not attached, at the following address: HRH PRINCE ABDULAZIZ BIN FAHD ALSAUD c/o The Plaza Hotel 770 5th Avenue, 4th Floor New York, New York" by leaving it with front desk concierge on July 15, 2013. The Court found this service insufficient even as to the Prince in an April 3, 2014 Opinion ("The Plaintiff has not provided any evidence beyond her conclusory allegations that the Plaza Hotel is the Prince's residence or dwelling.").

**b. Failure to State a Claim**

Defendant argues Plaintiff has failed to state a claim on
the following bases[5]: (i) failure to plead a physical injury,
Def.'s Dec. 28 Submission ¶ 21-22; (ii) contributory negligence,
id. ¶ 22; and (iii) discrepancies between Plaintiff's
allegations and evidence presented at trial, see Def.'s March 8
Submission, Def.'s April 6 Submission.

On a motion to dismiss pursuant to Rule 12(b)(6), all
factual allegations in the complaint are accepted as true, and
all inferences are drawn in favor of the pleader.  Mills v.
Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).
However, "a plaintiff's obligation to provide the grounds of his
entitlement to relief requires more than labels and
conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
(2007) (quotation marks omitted).  A complaint must contain
"sufficient factual matter, accepted as true, to 'state a claim

---

[5] Defendant also raises other incoherent or irrelevant arguments relating
solely to his co-defendants (for example, an assertion that Plaintiff lacks a
cause of action for pleading that other defendants were not acting in an
official capacity and simultaneously pleading that employees of other
defendants were in an agency relationship with their employers). Def.'s Dec.
28 Submission ¶¶ 15-20. None of these arguments relate to whether Plaintiff
has stated a claim. As reasoned infra, Defendant's arguments relating to "ill
opportunistic intent," Dec. 28 Submission ¶¶ 24-43, and factual discrepancies
in his underlying conviction see Def.'s March 8 Submission, Def.'s April 6
Submission, are likewise irrelevant to disposition of the instant motions.

to relief that is plausible on its face.'" Ashcroft v. Iqbal,
556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at
556). In other words, the factual allegations must "possess
enough heft to show that the pleader is entitled to relief."
Twombly, 550 U.S. at 557 (internal quotation marks omitted).

Plaintiff alleges claims of assault, battery, false
imprisonment, and intentional infliction of emotional distress
against Ouanes. FAC ¶ 90-107. "To sustain a cause of action to
recover damages for assault, there must be proof of physical
conduct placing the plaintiff in imminent apprehension of
harmful contact. To recover damages for battery, a plaintiff
must prove that there was bodily contact, that the contact was
offensive, and that the defendant intended to make the contact
without the plaintiff's consent." Bastein v. Sotto, 299 A.D.2d
432, 433, 749 N.Y.S.2d 538 (2002) (citations omitted). To state
a claim of false imprisonment, Plaintiff must plead: "(1) the
defendant intended to confine him, (2) the plaintiff was
conscious of the confinement, (3) the plaintiff did not consent

18

to the confinement and (4) the confinement was not otherwise privileged." Broughton v. State, 37 N.Y.2d 451, 456, 335 N.E.2d 310 (1975). Finally, the elements of intentional infliction of emotional distress are: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." Howell v. New York Post Co., 81 N.Y.2d 115, 121, 612 N.E.2d 699 (1993) (citations omitted).

Plaintiff has plausibly plead sufficient factual matter to state a claim meeting all elements of each of the aforementioned torts by pleading, in great detail, an allegation that Ouanes raped, sodomized, and sexually assaulted her both against her will and while she slipped in and out of consciousness. See FAC ¶¶ 18-50. While physical injury does not appear to be a requisite element of any of Plaintiff's claims, the alleged rape itself is more than sufficient to plead physical harm. Accepting Plaintiff's pleaded facts as true as the Court must, Plaintiff has stated a plausible claim entitling her to relief.

Finally, Defendant's contention that Plaintiff is contributorily negligent for her own rape and thus her claims must be dismissed is unavailing. In New York, contributory

negligence does not bar recovery and is relevant only to damages. N.Y. C.P.L.R. 1411. Moreover, Plaintiff's voluntary intoxication may potentially establish the physical helplessness element that goes toward lack of consent. See e.g. People v. Shepherd, 83 A.D.3d 1298, 1299, 921 N.Y.S.2d 666, 669 (2011) (collecting citations). In other words, Defendant's argument gives further reason to find Plaintiff has sufficiently stated a claim rather than a reason to dismiss Plaintiff's claim.

### c. Other Arguments

The facts Defendant has submitted tending to show discrepancies between the evidence submitted at his trial and Plaintiff's allegations, or tending to refute Plaintiff's version of events, only demonstrate potential issues of material fact that would bar summary judgment in his favor. As described infra, the Court has considered the remainder of Defendant's arguments and found they go to issues that are not relevant to or not grounds for dismissal or summary judgment in his favor. Defendant's motion for dismissal, or in the alternative, summary judgment, is therefore denied in full.

## V.    Conclusion

Based on the conclusions set forth above, Plaintiff's motion
for summary judgment is denied with leave granted to refile
consistent with this Opinion. Defendant's motion is denied.


It is so ordered.


New York, NY
May  6 , 2016

_____
ROBERT W. SWEET
U.S.D.J.