UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

JANE DOE,

                Plaintiff,

        -against-

HRH PRINCE ABDULAZIZ BIN FAHD ALSAUD
and MUSTAPHA OUANES,

                Defendants.

-----------------------------------------X

13 Civ. 571

OPINION

A P P E A R A N C E S:

      Attorneys for Plaintiff

      MORELLI LAW FIRM LLC
      777 Third Avenue, 31st Floor
      New York, NY 10017
      By:  Sara A. Strickland
           Martha M. McBrayer

      Pro se

      MUSTAPHA OUANES
      DIN #12A2814
      Eastern New York Correctional Facility
      Box 338
      Napanoch, NY 12458

**Sweet, D. J.**

Plaintiff Jane Doe ("Plaintiff" or "Doe") has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to pro se defendant Mustapha Ouanes's ("Defendant" or "Ouanes") liability. Based on the conclusions set forth below, Plaintiff's motion is granted.

**I.  Prior Proceedings**

Plaintiff filed the complaint to commence the instant action on January 25, 2013. Plaintiff alleged Ouanes, as an employee of HRH Prince Abdulaziz Bin Fahd Alsaud ("Prince Abdulaziz Bin Fahd") and Hariri Interests doing business as Saudi Oger LTD ("Saudi Oger"), sexually assaulted, raped, and sodomized her and another woman, Mary Doe, at the Plaza Hotel on January 26, 2010. Plaintiff alleged claims of negligent hiring, negligent supervision, negligent retention, and respondeat superior liability against Saudi Oger and Prince Abdulaziz Bin Fahd, and claims of assault, battery, false imprisonment, and intentional infliction of emotional distress against Ouanes.

In February 2012, following a two-week trial in New York Criminal Court, a jury convicted Ouanes of five criminal

1

charges: rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, assault in the second degree, and attempted sexual abuse in the first degree. *See People v. Ouanes*, 123 A.D.3d 480 (1st Dep't 2014), *leave to appeal denied*, 25 N.Y.3d 1075 (2015). Ouanes was sentenced to ten years in prison.

Plaintiff moved for default judgment against Prince Abdulaziz Bin Fahd for his failure to appear, which was denied on April 3, 2014 for failure to effect proper service. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) Hariri Interests was voluntarily dismissed by stipulation on May 1, 2013. Plaintiff filed a First Amended Complaint ("FAC") on May 7, 2013, removing Hariri and withdrawing the negligent hiring claim. By Opinion dated April 3, 2014, all of Plaintiff's remaining claims against Saudi Oger were dismissed for failure to state a claim. By stipulation, all claims against Saudi Oger were dismissed with prejudice on May 22, 2014.

In January 2016, Defendant Ouanes moved to dismiss, or, in the alternative, for summary judgment; Plaintiff cross-moved for summary judgment as to Ouanes's liability based on collateral estoppel. By Opinion dated May 6, 2016, both motions were denied. Plaintiff was granted leave to refile.

2

Plaintiff again moved for summary judgment as to Ouanes's liability on collateral estoppel on June 30, 2016. The motion was taken on submission on August 18, 2016, at which point the motion was deemed fully submitted.

**II.   The Facts**

Pursuant to Local Civil Rule 56.1, the material facts relevant to this motion are set forth in Plaintiff's Statement of Undisputed Material Facts (hereinafter "SUMF"). The facts are not in dispute except as set forth below.

In January 2010, Plaintiff Jane Doe was a 26-year-old nursing student living in Brooklyn, NY. SUMF ¶ 9. She was also employed as a bartender at the now-defunct Habibi Lounge, a Middle Eastern hookah bar, located in Manhattan's East Village. *Id.* ¶ 12.

After her shift ended around 12:30 or 1:00 am, i*d.* ¶ 13, Plaintiff, some of her co-workers, and several friends met at Veranda, a cocktail lounge in the West Village, for drinks. *Id.* One of the friends in attendance was "Mary Doe," a 25-year-old NYU student. *Id.* At Veranda, Defendant Mustapha Ouanes approached Plaintiff and offered to buy her a drink. She

3

declined. *Id.* ¶ 14. Later that evening, Plaintiff and some of her co-workers and friends, including Mary Doe, went to Falucka Lounge, another cocktail lounge in the West Village. *Id.* ¶ 16. Defendant also went to Falucka Lounge, *id.*, and while there, he bought a round of champagne for everyone, *id.* ¶ 17. Plaintiff spoke to Defendant to thank him for the champagne. *Id.*

At approximately 4:30 or 5:00 am, Mary Doe and Plaintiff left Falucka Lounge and got in a cab to Mary Doe's apartment. *Id.* ¶ 18. Defendant stated that he was going in the same direction, as he lived at The Plaza Hotel, and joined them in the cab. *Id.* After Plaintiff and Mary Doe discussed getting something to eat, Defendant suggested they join him at The Plaza Hotel, explaining that since he worked for Saudi Arabian prince, they would be able to get food regardless of the late hour. *Id.* Plaintiff and Mary Doe agreed, but all of the restaurants were closed when they arrived at The Plaza Hotel, so they accompanied Defendant to his room upon Plaintiff's offer that he would order room service. *Id.* ¶ 19.

Defendant briefly left the room and returned with three Arab men, who were purportedly there to join them for breakfast. *Id.* ¶ 20. At approximately 5:30 am, Plaintiff poured mimosas and noticed her drink looked strange; she commented to

4

Mary Doe: "This orange juice looks funny." *Id.* ¶ 21. Shortly thereafter, Plaintiff lost consciousness. *Id.* ¶ 22.

Throughout the morning of January 26, 2010, Plaintiff came in and out of consciousness as Defendant raped and sodomized her. *Id.* ¶¶ 23-29. She tried unsuccessfully to move away and scream, as she felt heavily drugged. *Id.* Mary Doe was also in the room and also appeared to be heavily drugged to the point of immobility. *Id.* ¶¶ 26-27, 30. Eventually, Plaintiff and Mary Doe were able to threaten Defendant with a broken glass and call 911. *Id.* ¶ 32.

At approximately 8:00 am, New York City Police Department officers arrived and arrested Defendant. *Id.* ¶ 33. They escorted Mary Doe and Plaintiff to the Emergency Room at Roosevelt Hospital. *Id.* ¶ 34. Plaintiff underwent a rape kit, having multiple contusions and bruises on her body and genitalia. *Id.* Since the events of January 26, 2010, Plaintiff has suffered emotional distress and economic loss. *Id.* ¶¶ 35-36.

Defendant was charged with seven criminal counts against two female victims, Plaintiff Jane Doe and Mary Doe, based on the same occurrences set forth in Plaintiff's civil Complaint here. A comparison of the unredacted version of

5

Plaintiff's Affidavit and the unredacted version of the criminal trial transcript reveals that Counts One (rape in the first degree), Two (criminal sexual act in the first agree), Three (criminal sexual act in the first degree), Four (sexual abuse in the first degree), Five (attempted sexual abuse in the first degree), and Six (assault in the second degree) involved Defendant's crimes against Plaintiff. *Id.* ¶ 38. The Seventh Count (attempt to commit sexual abuse in the first degree) involved Mary Doe. *Id.*

On February 15, 2012, Defendant was convicted by a jury of five of the criminal charges: rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, assault in the second degree, and attempted sexual assault in the first degree. *Id.* ¶ 37. Defendant was sentenced to ten years in prison. *Id.* ¶ 39.

## III. The Applicable Standard

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

6

248 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. *Westinghouse Elec. Corp. v. N.Y. City Transit Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S. at 249). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

While the moving party bears the initial burden of showing that no genuine issue of material fact exists, *Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005), in cases where the non-moving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district

7

court—that there is an absence of evidence to support the
nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317,
325 (1986). "It is ordinarily sufficient for the movant to point
to a lack of evidence . . . on an essential element of the non-
movant's claim . . . . [T]he nonmoving party must [then] come
forward with admissible evidence sufficient to raise a genuine
issue of fact for trial . . . ." *Jaramillo v. Weyerhaeuser Co.*,
536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted);
*see also Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d
14, 18 (2d Cir. 1995) ("Once the moving party has made a
properly supported showing sufficient to suggest the absence of
any genuine issue as to a material fact, the nonmoving party . .
. must come forward with evidence that would be sufficient to
support a jury verdict in his favor").

## IV. Plaintiff's Motion for Summary Judgment is Granted

Plaintiff moves for summary judgment on the ground of
collateral estoppel. *See* Pl.'s Mot. for Summ. Judgment ("Br.")
at 1. "Summary judgment is appropriate under the doctrine of
collateral estoppel (issue preclusion) when all the material
issues of fact in a pending action have been actually and
necessarily resolved in a prior proceeding." *See State of New
York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d

Cir.2000); *NLRB v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir.1999). To warrant summary judgment on the basis of collateral estoppel, "the court must find that: (1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Mishkin v. Ageloff*, 299 F. Supp. 2d 249, 252 (S.D.N.Y. 2004) (citations and internal quotation marks omitted). Because Defendant's convictions were entered in New York state courts and because Plaintiff has brought this diversity action charging Defendant with state tort claims, New York law governs. *See Blumatte v. Farthing*, 320 F. App'x 68, 70 (2d Cir. 2009).

Plaintiff's argument here is the same argument she made in her motion for summary judgment that was denied in the May 6, 2016 opinion (the "May 6 Opinion" or the "Opinion"): that her civil causes of action are "premised upon the same facts and issues" as those that formed the bases of Defendant Ouanes' criminal conviction, and therefore Ouanes "is collaterally estopped from denying his liability for Plaintiff's civil assault, battery, false imprisonment, and intentional infliction of emotional distress claims." Br. at 1. "A criminal conviction,

9

whether by plea or after trial, is conclusive proof of its underlying facts in a subsequent civil action and collaterally estops a party from relitigating the issue." *Grayes v. DiStasio*, 166 A.D.2d 261, 262-63, 560 N.Y.S.2d 636 (1990).

Ouanes' underlying criminal conviction certainly concerned events that occurred at the Plaza Hotel on January 26, 2010. *See Ouanes*, 123 A.D.3d 480. The underlying criminal conduct, however, involved two victims: Plaintiff in this action, Jane Doe, and her friend Mary Doe, a non-party to this action. Plaintiff alleges both victims drifted in and out of consciousness, and both were assaulted by Ouanes. *See* FAC ¶¶ 29, 33, 36, 40. Plaintiff alleges both Jane and Mary underwent rape kits, both of which revealed relevant evidence. *Id.* ¶¶ 47-9. The Police Report, which alone cannot demonstrate the specifics of the conduct for which Defendant was convicted, redacts victim identification information.

The May 6 Opinion concluded that Plaintiff had failed to establish that she—and not Mary Doe—was the victim of the conduct for which Defendant was convicted, and therefore failed to demonstrate an identity of issues between her civil claims and Defendant's criminal conviction. In particular, the record as provided by the Plaintiff at the time did not demonstrate

10

that Defendant's conviction applied to the conduct leveled upon
her.

While Plaintiff's argument here is the same, Plaintiff
has now provided additional evidence to further develop the
record on Defendant's convictions. Thus, contrary to Defendant's
assertion, Plaintiff's instant motion is not an exact "copy of"
the previous motion for summary judgment, see Def.'s Opp. to
Pl.'s Mot. for Summ. Judgment ("Opp.") at 1. Specifically,
Plaintiff has provided a transcript of Defendant's criminal
trial and identified which criminal counts pertained to
Defendant's conduct against Plaintiff rather than against Mary
Doe. See Br. at 4; Decl., Ex. F. She provides the language
Justice McCullough used to charge the jury on the counts, which
establish that Counts One through Six pertain to Plaintiff only;
Count Seven involved Mary Doe only. See Ex. F, 1329-50
(transcript of the instructions to the jury).

Defendant was found guilty only of Counts One, Three,
Four, Five, and Six. See Br. at 4-6; Ex. F, 1393-94. The
instructions to the jury on those counts are set forth below:

11

Count One

[I]n order for you to find the defendant guilty of
[rape in the first degree], the People are required to
prove from all of the evidence in this case beyond a
reasonable doubt, both of the following elements: One,
that on or about January 26, 2010, in the County of
New York, the defendant, Mustapha Ouanes, engaged in
sexual intercourse with [Jane Doe]. And two, that the
defendant did so without [Jane Doe]'s consent by the
use of force, forcible compulsion. Therefore, if you
find that the People have proven beyond a reasonable
doubt both of these elements, you must find the
defendant guilty of Rape in the First Degree, as
charged in the first count.

Ex. F, 1330-31.


Count Three

With respect to Count 3, in order for you to find the
defendant guilty of [criminal sexual act in the first
degree], the People are required to prove from all the
evidence in this case beyond a reasonable doubt, both
of the following two elements: One, that on or about
January 26, 2010, in the county of New York, the
defendant, Mustapha Ouanes, engaged in anal sexual
contact with [Jane Doe]. And two, that the defendant
did so without [Jane Doe]'s consent by use of forcible
compulsion. Therefore, if you find that the People
have proven both of these elements, you must find the
defendant guilty of the crime of Criminal Sexual Act
in the First Degree, as charged in the third count.

Ex. F, 1333.


Count Four

In order for you to find the defendant guilty of this
crime, the People are required to prove from all of
the evidence in the case beyond a reasonable doubt,
both of the following two elements: That on or about
January 26, 2010, in the County of New York, the

12

defendant, Mustapha Ouanes, subjected [Jane Doe] to
sexual contact. And two, that [Jane Doe] was incapable
of consent by reason of being physically helpless.

\*\*\*

[I]f you find that the People have proven beyond a
reasonable doubt both of these elements, you must
consider, you must consider an affirmative defense
that the defense has raised.

\*\*\*

[I]f you find that the defendant has not proven the
affirmative defense by a preponderance of the
evidence, then based upon your initial determination
that the People have proven beyond a reasonable doubt
the elements of Sexual Abuse in the First Degree, you
must find the defendant guilty of that crime as
charged in the fourth count.

Ex. F, 1333-36.


Count Five

In order for you to find the defendant guilty an
attempt to commit the crime of Sexual Abuse in the
First Degree, the People are required to prove from
all of the evidence in the case beyond a reasonable
doubt, both of the following two elements: That on or
about January 26, 2010, in the County of New York, the
defendant, Mustapha Ouanes, intended to commit the
crime of Sexual abuse in the First Degree against
[Jane Doe]. And two, the defendant engaged in conduct
which tended to effect the commission of that crime.

\*\*\*

[I]f you find that the People have proven beyond a
reasonable doubt both of these elements, you must
consider an affirmative defense the defense has
raised.

\*\*\*

13

[I]f you find that the defendant has not proven the affirmative defense by a preponderance of the evidence, then based upon your initial determination that the People have proven beyond a reasonable doubt the elements of Attempted Sexual Abuse in the First Degree, you must find the defendant guilty of that crime as charged in the [fifth] count.

Ex. F, 1338-41.


Count Six

If you find the defendant guilty of Rape in the First Degree, and or Criminal Sexual Act in the First Degree, and or Sexual Abuse in the First Degree, then you may go on to consider the following count, Assault in the Second Degree. The sixth count is Assault in the Second Degree.

***

In order for you to find the defendant guilty of this crime, the People are required to prove from all of the evidence . . . beyond a reasonable doubt, both of the following two elements: That on or about January 26, 2010, in the County of New York, the defendant, Mustapha Ouanes, committed or attempted to commit any of the charged crimes named above. And two, that in the course and in furtherance of the commission or attempted commission of any of the charged crimes above, the defendant caused physical injury to [Jane Doe], and that [Jane Doe] was not a participant in the felony. Therefore, if you find that the People have proven beyond a reasonable doubt both of these elements, you must find the defendant guilty of the crime of Assault in the Second Degree as charged in the sixth count.

Ex. F, 1340-41.


Under New York law, a "civil 'assault' is the intentional placing of another in apprehension of imminent

14

harmful or offensive contact. The elements of a civil 'battery'
are (1) bodily contact, which is (2) harmful or offensive in
nature, and (3) made with intent." *Biggs v. City of N.Y.*, No. 08
CIV. 8123 PGG, 2010 WL 4628360, at *7 (S.D.N.Y. Nov. 16, 2010)
(quoting *Merzon v. Cty. of Suffolk,* 767 F.Supp. 432, 448
(E.D.N.Y. 1991)). To establish a *prima facie* claim of assault
under New York law, a plaintiff must prove "physical conduct
placing the plaintiff in imminent apprehension of harmful
contact"; to establish a prima facie claim of battery, a
plaintiff must prove "that there was bodily contact, that the
contact was offensive, and that the defendant intended to make
the contact without the plaintiff's consent." *Bastein v. Sotto*,
299 A.D.2d 432, 433 (2d Dep't 2002); *see also Villanueva v.
Comparetto*, 180 A.D.2d 627, 629 (2d Dep't 1992) ("[A] plaintiff
seeking to establish a civil battery need only prove that the
defendant intentionally touched [her] person without . . . her
consent."). Plaintiff's allegations herein that Defendant Ouanes
forcibly assaulted, raped, and sodimized her against her will
(Exhibit C, ¶¶ 2, 15, 16, 18, 19, 20, 21, 27) establish, *prima
facie*, the elements of her civil assault and battery claims.

        In convicting Defendant Ouanes for rape of Plaintiff
in the first degree, criminal sexual act against Plaintiff in
the first degree, and assault of Plaintiff in the second degree,

the jury in the criminal proceeding necessarily determined that the elements of the civil causes of action for assault and battery have been satisfied, *i.e.*, that the Defendant intentionally made harmful contact with Plaintiff Jane Doe without her consent and that his actions placed Plaintiff in imminent apprehension of harmful contact. As such, Defendant Ouanes is collaterally estopped from relitigating the issues of civil assault and battery. *See Villanueva*, 180 A.D.2d at 629 (concluding that "in convicting [the defendant] of assault in the second degree, the jury necessarily determined that he had intentionally made bodily contact with [plaintiff] without consent," and that the defendant was thus "collaterally estopped from relitigating the issue of civil battery"); *see also Wagman v. Kandekore*, 243 A.D.2d 628, 628 (2d Dep't 1997) (affirming the award of summary judgment on the issue of liability to the plaintiffs on their civil assault and battery causes of action against the defendant based upon collateral estoppel); *Colby v. Crocitto*, 207 A.D.2d 764, 765 (2d Dep't 1994) (affirming the grant of summary judgment on the issue of liability in favor of the plaintiffs on the basis of collateral estoppel and noting that "a person who has been convicted of assault in the third degree, based on the intentional infliction of injury, may not relitigate the question of his potential civil liability for assault and battery"); *Laurie Marie M. v. Jeffrey T.M.*, 159

16

A.D.2d 52, 55 (2d Dep't 1990) (finding from prior proceeding that defendant was guilty of sexual abuse in the second degree pursuant to Penal Law § 130.60 was proper basis for granting plaintiff judgment as a matter of law on her battery cause of action).

To establish a cause of action for false imprisonment pursuant to New York law, a plaintiff "must show that: (1) the defendant intended to confine [her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Broughton v. State*, 37 N.Y.2d 451, 456 (1975); *see also Zegarelli-Pecheone v. New Hartford Cent. Sch. Dist.*, 132 A.D.3d 1258, 1259 (4th Dep't 2015) (same). Here, Plaintiff's allegations that Defendant Ouanes drugged her and forcibly assaulted, raped, and sodimized her against her will in a hotel room while she went in and out of consciousness, (Exhibit C, ¶¶ 2, 13-22, 27), establish, *prima facie*, the elements of her civil false imprisonment claim.

In convicting the Defendant of the false imprisonment of Plaintiff Jane Doe, the jury in the criminal proceeding necessarily determined that the elements of the civil cause of action for false imprisonment has been satisfied, *i.e.*, that the

17

Defendant intentionally confined Plaintiff without her consent
and without privilege by subjecting her to unwanted sexual
contact when she was incapable of consent by reason of being
physically helpless. As such, Defendant Ouanes is collaterally
estopped from relitigating the issue of civil false
imprisonment.

In New York, a cause of action for intentional
infliction of emotional distress "has four elements: (i) extreme
and outrageous conduct; (ii) intent to cause, or disregard of a
substantial probability of causing, severe emotional distress;
(iii) a causal connection between the conduct and injury; and
(iv) severe emotional distress." *Howell v. New York Post Co.*, 81
N.Y.2d 115, 121 (1993); *see also Johns v. Home Depot USA, Inc.*,
No. 03CIV4522DC, 2005 WL 545210, at *7 (S.D.N.Y. Mar. 8, 2005),
*aff'd sub nom. Johns v. Home Depot USA, Inc.*, 180 F. App'x 190
(2d Cir. 2006) (same). Here, Plaintiff's allegations that
Defendant Ouanes drugged her and forcibly assaulted, raped, and
sodimized her against her will in a hotel room while she went in
and out of consciousness, (Exhibit A, ¶¶ 2, 13-22, 27),
establish, *prima facie*, the elements of her intentional
infliction of emotional distress claim.

18

In convicting Ouanes for rape in the first degree, a criminal sexual act in the first degree, sexual abuse in the first degree, attempt to commit sexual abuse in the first degree, and assault in the second degree, the criminal jury already necessarily decided that Ouanes intentionally engaged in extreme and outrageous conduct in disregard of a substantial probability of causing severe emotional distress in Plaintiff Jane Doe. *See Laurie Marie M.*, 159 A.D.2d at 55 (finding from prior proceeding that defendant was guilty of sexual abuse in the second degree pursuant to Penal Law § 130.60 was proper basis for granting plaintiff judgment as a matter of law on her intentional infliction of emotional distress cause of action).

"The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate." *D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 664 (1990). In opposing the instant motion, Defendant Ouanes argues that "throughout this case, the burden of proof was always on me." *See* Opp. at 8. To the contrary, at his trial, Justice McCullough instructed the jury at length about the presumption of innocence, its application, and its importance. *See* Ex. F., 1313-16. Indeed, Defendant availed himself of the elements of a full and fair trial: he was tried by a jury of his peers, he was represented

19

by counsel at the criminal trial, he had opportunity to present evidence and to challenge the State's evidence, and he exercised his appellate rights. That the First Department unanimously affirmed Defendant Ouanes' convictions and sentence confirms that he had a full and fair opportunity to litigate the issues in his criminal action.

Defendant also argues that the civil lawsuit against him, like the criminal case against him, is made up entirely of lies; that is, he alleges that the facts as Plaintiff presents them are not what actually transpired. *See* Opp. at 1-5, 8. The determination as to what transpired on January 26, 2010 has already been decided by a jury of the Defendant's peers. As there is an identity of issues between the criminal proceeding and this civil action, and because the Defendant had a full and fair opportunity to litigate the issues bearing on his liability for raping and assaulting Plaintiff Jane Doe during his criminal trial, Defendant Ouanes is estopped from relitigating his civil liability for those offenses in the present action. Accordingly, Plaintiff Jane Doe is entitled to summary judgment as to liability.

20

## V.    Conclusion

Based upon the facts and conclusions set forth above, Plaintiff's motion for summary judgment is granted.

It is so ordered.

**New York, NY**
**December 17, 2016**

ROBERT W. SWEET
U.S.D.J.

21